IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MITCHELL TUCKER,**

    Plaintiff,

vs.                    Case No. 4:14cv466-RH/CAS

**JAMES COKER**
**and KIMBERLY CLARK,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff Mitchell Tucker, proceeding pro se, filed a second amended complaint [hereinafter "complaint"], ECF No. 38,[1] alleging that Defendants failed to protect him in violation of the Eighth Amendment. Two motions to dismiss are now pending in this case. Warden Coker asserts in his motion to dismiss that the complaint fails to state a claim against him under the Eighth Amendment. ECF No. 48. Defendant Kimberly Clark seeks dismissal on the basis that Mr. Tucker failed to exhaust administrative remedies. ECF No. 49. Mr. Tucker was directed to file a response to the

---

    [1] All documents filed are now referenced "ECF No." (the Electronic Case File) followed by the document number.

motions, ECF No. 53,[2] and he has filed two responses. ECF Nos. 62, 63. The motions are ready for a ruling.

**Allegations of the Complaint, ECF No. 38**

Mr. Tucker was housed at Wakulla Correctional Institution at the time of the events at issue. *Id.* at 1. Ms. Clark is the director of the medical department and Mr. Coker is the warden at that institution. *Id.* Mr. Tucker alleged that, at his request, a friend[3] spoke to Ms. Clark about Mr. Tucker's "diet and personal safety." *Id.* Ms. Clark assured both Mr. Tucker and his friend that Mr. Tucker "would be safe from any harm." *Id.* Similarly, Mr. Tucker's friend spoke with Mr. Coker who also said Mr. Tucker "would be safe and the CO's would keep an eye on" Mr. Tucker. *Id.*

Mr. Tucker alleges he was not safe and was repeatedly raped by another inmate. *Id.* at 1.[4] After Mr. Tucker was sent for medical examinations, he was interviewed by an official from the Inspector

---

[2] Counsel was previously sought for Mr. Tucker, ECF No. 34, but despite that effort, no attorney volunteered to assist Mr. Tucker.

[3] Mr. Tucker's friend James Fisher, (also known as "Sharon"), has previously acted as a type of guardian for Mr. Tucker, and sought to act as Mr. Tucker's representative in this case. *See* ECF Nos. 17, 28. Indeed, it was Fisher who initiated this case. ECF No. 1. The record in this case reveals Mr. Tucker "is autistic, has cerebral palsy," and a "childlike" mind. ECF No. 28 at 4 (citing ECF No. 16).

[4] Although a date was not alleged in the complaint, it appears the assaults occurred in January and February of 2014. *See* ECF No. 39 at 1 (citing to ECF No. 1 at 3).

Case No. 4:14cv466-RH/CAS

General's office.  *Id.*  Mr. Tucker asserts that he "was told not to tell anyone anything."  Eventually, Mr. Tucker "broke down and" told his friend about those events.  *Id.*  Mr. Tucker was "moved out of the medical unit, per order of James Coker, [and] was [placed] in lock down (solitary confinement) where inmates are placed as a punishment."  *Id.* at 2.

Mr. Tucker contends that Mr. Tucker and Ms. Clark failed to protect him.  *Id.* at 2.  He alleges that no correctional officers "were in or around [his] dorm" at the time of the assault and were not "patrolling the dorms like they are supposed to do . . . ."  Mr. Tucker also contends there were "no signs . . . on how to report sexual misconduct."  *Id.*  He seeks monetary damages and release from incarceration because he does not feel safe.  *Id.*

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[5]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's

---

[5] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

claim and the grounds upon which it rests.  <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney.  <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in <u>Twombly</u>, 550 U.S. at 558).  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949.  Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1185 (11th Cir. 2003).

**Exhaustion**

Ms. Clark asserts that this case must be dismissed because Mr. Tucker "has not filed any grievances during his incarceration" in the Florida Department of Corrections. ECF No. 49 at 2. An affidavit submitted with the motion to dismiss states that the grievances process "has been available" to Mr. Tucker. ECF No. 49-1 at 3. "Each institution ensures that all inmates have access to the grievance procedure, including by providing assistance through the institution library if requested." *Id.* The affidavit also establishes that all inmates "receiving training in the use of the inmate grievance procedure by institution or facility staff at their initial reception and orientation locations, as well as at each facility to which they are transferred." *Id.*

Pursuant to the Department's rules, an inmate may "skip the informal grievance step" of the usual three-step grievance process and file a formal grievance to initiate a grievance concerning a sexual assault. *Id.* at 3-4. If the grievance is not satisfactorily resolved, the inmate may file an appeal to the Secretary's Office. *Id.* at 4-5. A log is made of each formal grievance and appeal. *Id.* at 5. The Department's log does not show Mr. Tucker "filed any grievances" at any Florida institution or any appeals to the Office of the Secretary. *Id.*

Congress has mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998); Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)).  "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007).

Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (relying on Jones v. Bock, 549 U.S.

199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.")).  The issue of exhaustion is not "an adjudication on the merits," and may properly be raised in a motion to dismiss.  Bryant, 530 F.3d at 1374-75.  The Court must assure that a prisoner-plaintiff has fair notice of the opportunity to develop a record to show he has exhausted available remedies.

In this case, Mr. Tucker was advised of his obligation to respond to the motions to dismiss.  ECF Nos. 53, 55.  He was specifically advised that he must "explain whether or not he exhausted administrative remedies and, if not, explain why he either did not do so or was unable to do so."  ECF No. 55 at 2.  Although Mr. Tucker filed responses to the motions to dismiss, he addressed the merits of his claims and not the issue of exhaustion.  ECF Nos. 62-63.  On this record, it is undisputed that he did not exhaust his available administrative remedies.  Defendant Clark's motion to dismiss, ECF No. 49, should be granted.

Even though Warden Coker did not raise the exhaustion defense, the claim raised against him is based on the same facts as the claim against Ms. Clark.  The claim is unexhausted and this case should be dismissed.

**RECOMMENDATION**

Accordingly, it is respectfully **RECOMMENDED** that the motions to dismiss, ECF Nos. 48-49, be **GRANTED** and this case be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e).

**IN CHAMBERS** at Tallahassee, Florida, on December 2, 2015.


 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**